PUERTO RICO LABOR RELATIONS BOARD, Petitioner, *v.* MISSY MANUFACTURING CORPORATION, Respondent.

No. O-70-9.    Decided March 31, 1971.

782

*Gilberto Gierbolini Ortiz, Solicitor General, Miguel A. Rivera Arroyo, Celia Canales González,* and *José E. Rodríguez*

*Rosaly* for petitioner. *Goldman, Antonetti & Subirá, Rafael F. Morales Cabranes,* and *David F. Barreto* for respondent.

MR. JUSTICE TORRES RIGUAL delivered the opinion of the Court.

We cannot agree to the petition of the Labor Relations Board requesting us to enforce the order issued in default against respondent Missy Manufacturing Corporation because we are fully convinced that the Board exceeded itself in the exercise of its discretion in denying respondent the reopening of the case and in failing to grant a hearing on the merits. The order in question binds respondent to reinstate Nancy La Aurora Nater in her former position or in a substantially similar one, and to compensate her for the income not received as a result of respondent's actions against her.

Hereinafter the facts which support our conclusion.

On July 9, 1969, the Board issued separate complaints against Missy Manufacturing Corporation and the International Ladies Garment Workers Union, AFL-CIO, Local 600, ILGWU, alleging as unfair labor practice the discharge without just cause of the employee Nancy La Aurora Nater in violation of the collective bargaining agreement. Both complaints were consolidated for the purpose of hearing and decision, the hearing being set for July 23, 1969.

Neither the employer nor the Union answered the complaints. Five days prior to the hearing an officer of the Union requested, by a telegram to the Chairman of the Board, an extension of 10 days to answer the complaint against the Union and a new setting for the hearing because the attorney for the Union was away from Puerto Rico. The day of the hearing an employee of the Union appeared to reproduce the petition for an extension and postponement. The employer did not appear. The Trial Examiner agreed to the Union's request, granting the latter until August 4 to answer the complaint and setting September 2 as the new date for the hearing. However, at the request of the attorney for the Board, the Trial Examiner considered the allegations of the

complaint against the employer as admitted, and, that same day granted the complaint against the latter, recommending, accordingly, the order object of this review.

When the employer was notified of the Trial Examiner's Report, it appeared before the Board requesting the reopening of the case. In its motion it stated that it had not appeared at the hearing because of some confusion as to the type of proceeding pending. It also alleged facts, which, in essence, constituted an answer to the complaint.[1]

The Board denied the reopening without the hearing. On August 18, the employer requested the reconsideration, suggesting that the hearing of its complaint be held jointly with that set for September 2 in the case against the Union, since the events in both cases were practically the same. The employer specifically set forth in its motion for reconsideration that:

"5. The true and actual facts of this case are the following:

"The company works on the basis of serial operations. One operation depends on the previous one. In the operation complainant performed, a great amount of work had been finished. Nevertheless, in the operation following that one there were not sufficient operators to maintain the rhythm of the previous operation.

"Complainant's immediate supervisor asked her to move to the next operation in line, operation in which she was very efficient also. Complainant categorically refused to make said

---

[1] In the motion to reopen it stated among other things:

"5. Complainant in this case abandoned her work voluntarily when she refused to change temporarily the operation of her work, thing which was extremely necessary for the company, and despite the fact that she was guaranteed the average salary of her previous operation.

"6. At no time did the complainant request permission to be absent from work for the reasons alleged in the complaint.

"7. The foregoing is affirmed by the answer of the defendant Union in case CA-3999 of August 4, 1969.

"8. Respondent Missy Manufacturing Corporation absolutely denies that it had discharged or suspended the complainant, and on the contrary, it reiterates that she abandoned her work on her own free will and criterion."

change, despite the fact that she was emphatically reassured that she would be guaranteed the average salary of her regular work.

"Then complainant went to the office of the manager, who was at the time in a meeting with the representative of the Union in the plant, and with the Union's business agent.

"Complainant insisted on her position, notwithstanding the aforementioned warnings of the Union officers, and she abandoned her employment voluntarily.

"At no time did complainant mention a medical appointment or any health problem.

"The union representing complainant acknowledges that the latter 'abandoned her employment' and that 'she placed herself in an indefensible position.'

"6. The company knows that a representative of the Union appeared at the hearing and requested an extension to answer the complaint. Said petition was granted by the Trial Examiner, the continuation of the hearing being set for September 2, 1969."

The Board flatly denied the motion for reconsideration. At this stage of the proceedings, on August 29, the employer presented a writing entitled Statement of Exceptions arguing the justice of its request for reopening and on September 8 it filed a second motion for reconsideration pointing out that the hearing of the case against the Union set for September 2 had been continued at the request of the attorney for the Board and that it had been set anew for September 24; that the evidence being almost identical, to set a joint hearing for both cases would not cause any problem to any of the parties.

On September 11 the Board denied the second motion for reconsideration setting forth that complainant Nancy La Aurora Nater had withdrawn the charges against the Union and that "If said case had not been withdrawn and in view of the fact that defendant claims that they are dealing with almost the same evidence, the Board had been inclined to let it appear to present its evidence; but there is no justification other than that circumstance." (Italics ours.)

In acting thus, the Board incurred a clear abuse of discretion. The Labor Relations Board, just as any agency invested with public authority, in the exercise of its discretion is bound not only by the statute which created it but by the fundamental rules of fair treatment.

As we have seen, we are dealing with a simple motion for the reopening of a default requested by respondent at the proper time, adducing therein a good defense against the complaint, and in which because of the circumstances of the case, the granting thereof did not cause any harm whatsoever.

The petition for reopening was presented by respondent Missy Manufacturing Corporation on August 8, 1969, hardly 10 days since the Report of the Trial Examiner was mailed to the former accepting the allegations of the complaint for lack of an answer. In said petition facts which constituted an answer to the complaint were alleged, adducing as a defense that the complainant had abandoned her work voluntarily, without requesting permission from respondent, all of which was affirmed by the answer of the Union itself, International Ladies Garment Workers Union, AFL-CIO, Local 600, ILGWU.

For the purpose of the hearing and decision the complaint against the Union was consolidated with the complaint against the employer, which was transferred on two occasions. While on the one hand, the Union was granted additional time to answer, on the other hand, the employer was denied the reopening of the default before the hearing against the Union was held, the evidence in both complaints being more or less the same.

■ In view of this state of facts, the action of the Board cannot be justified on the grounds of the need to prosecute the complaint without undue delays. The desirability of promoting the diligent prosecution of the complaints before the Board is not subject to discussion. It is evident that the unnecessary delays are undesirable for the worker, who does

not receive the salary during the unemployment, as well as for the employer, who may finally find himself bound to pay him retroactively. Section 2 of Article II of the Board's Regulations, 29 R.&R.P.R. § 64–3, which authorizes to deem as admitted any allegation in a complaint not denied by the answer was adopted for the purpose of promoting the diligent prosecution of the complaints before the Board.[2] This purpose is identical with the purpose of Rule 45 of the Rules of Civil Procedure, which authorizes that default may be entered when a party has failed to plead or defend itself.

■ The purpose of these procedural provisions is not to give an advantage to the plaintiffs or complainants to obtain a judgment without a hearing on its merits. These are rules of procedure for the benefit of a good administration of the function of adjudication, directed to encourage the diligent prosecution of the cases. *Díaz* v. *Superior Court,* 93 P.R.R. 78, 86 (1966). For that reason, and because a default judgment is so burdensome and drastic for defendants or respondents, the rule of liberal construction has been established, and any doubt should be resolved in favor of the party moving to set aside the default entry so that the case may be decided on its merits. *Díaz* v. *Superior Court, supra.*

■ When, as in the instant case, a good defense is adduced and the reopening causes no harm whatsoever, its denial is a clear abuse of discretion. As a general rule, a good defense should always turn the scale in favor of a hearing on the merits, unless the circumstances of the case are of

---

[2] Section 2 of Article II of the Board's Regulations reads insofar as pertinent:

"Any allegation of any complaint . . . not denied by the answer shall be deemed admitted by the respondent and the Board may thereupon make findings of fact and conclusions of law based upon such admission. Upon application, the chairman of the Board may extend the time for filing the answer."

Although this provision is applicable, according to its own terms, to cases where there is an answer, we assume that it is also applicable to cases where there has been no answer whatsoever, as in the case at bar.

such nature as to reveal obstinate or temerarious intentions on the part of the respondent. More so, when the prosecution of the case shows that the reopening causes no harm. *Community Partnership* v. *Superior Court*, 85 P.R.R. 860 (1962); *Latoni* v. *Court of Eminent Domain*, 71 P.R.R. 385 (1950); *cf. Southern Constr. Co.* v. *Superior Court*, 87 P.R.R. 861 (1963). These are fair and reasonable rules which have been enacted for the sake of justice in order to minimize the strictness of the judicial proceeding to the fundamental right of having one's day in court. For their immanent justice they should be and they are of unavoidable application to the proceedings before the court as well as to administrative proceedings. *Cf. Martínez* v. *Superior Court*, 83 P.R.R. 691 (1961).[3]

■ The Labor Relations Board having incurred abuse of discretion in denying the reopening of the case to respondent and in failing to hold a hearing on the merits, it is proper to set aside the order issued against respondent Missy Manufacturing Corporation on September 16, 1969. The case will be remanded for further proceedings not inconsistent with the pronouncements herein.

---

[3] In *Martínez* v. *Superior Court*, we held that the principles contained in the former Rule 60(a) of the Rules of Civil Procedure and Rule 49.1 of the Rules of Civil Procedure of 1958, are applicable to the administrative agencies of the Commonwealth, recognizing that the administrative agencies have been specifically created to operate without the inflexibility which generally characterizes the courts.